[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11791
Non-Argument Calendar

_____

D.C. Docket No. 6:10-cr-00139-GAP-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY L. AVERY, JR.,
a.k.a. Ricky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 26, 2012)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Anthony Avery appeals his sentence of 120 months of imprisonment

following his plea of guilty for conspiring to possess with intent to distribute and to distribute 50 grams or more of crack cocaine.  21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846.  Avery argues that the district court erred by sentencing him to the mandatory minimum in effect at the time of his crime under the Anti-Drug Abuse Act, instead of the mandatory minimum provided in the Fair Sentencing Act, which took effect before Avery's sentencing hearing.  The government confesses error.  At sentencing, the district court stated that a 120-month sentence was "rather harsh," but the district court ruled that its "hands [were] tied" and it had "no alternative" but to sentence Avery to the mandatory term of imprisonment.  After Avery appealed, the United States Supreme Court held in Dorsey v. United States, 567 U.S. ____, 132 S. Ct. 2321, 2331 (2012), that "Congress intended the . . . more lenient penalties [under the Fair Sentencing Act] to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date."  Dorsey instructs that the Fair Sentencing Act applies to Avery.  We vacate Avery's sentence and remand for resentencing.

**VACATED AND REMANDED.**